UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA M. WENTZ,

                            Plaintiff,

                  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                            Defendant.
_____

<u>DECISION AND ORDER</u>

16-CV-6730L

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On April 1, 2013 plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning July 15, 2012. (Dkt. #8 at 24).[1] Her application was initially denied on June 17, 2013. Plaintiff requested a hearing, which was held on February 6, 2015 before Administrative Law Judge ("ALJ") Connor O'Brien. *Id*. The ALJ issued an unfavorable decision on April 23, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 24-36). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 12, 2016. (Dkt. #8 at 1-4). Plaintiff now appeals.

---

[1] References to page numbers in the Administrative Transcript utilize the internal Bates-stamped pagination assigned by the parties.

The plaintiff has moved for judgment remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion (Dkt. #10) is granted, the Commissioner's cross motion (Dkt. #12) is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. Where, as here, a claimant's alleged disability includes mental components, the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.' " *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the

Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

The ALJ determined that the plaintiff had the following severe impairments: recurrent migraine headaches, fibromyalgia, asthma, obesity, depression, and anxiety. (Dkt. #8 at 26). After applying the special technique and considering plaintiff's exertional impairments, the ALJ found that plaintiff was capable of performing light work, with several limitations. Plaintiff can occasionally lift 20 pounds and more frequently lift 10 pounds or less. She can tolerate up to occasional exposure to extreme cold, extreme heat, wetness, humidity and airborne irritants. Plaintiff can tolerate moderate noise and indoor lighting and can perform simple, unskilled work and adjust to occasional changes in work setting. Although plaintiff can work to meet daily goals, she cannot maintain an hourly machine-driven assembly line production rate. Plaintiff requires up to three short, unscheduled, less than five-minute breaks in addition to regularly scheduled breaks, cannot perform teamwork or be responsible for another person's work product, and can only occasionally interact with the public. (Dkt. #8 at 29).

When presented with this RFC determination, impartial vocational expert Julie A. Andrews testified that plaintiff could perform the light, unskilled positions of small product assembler, and production assembler. (Dkt. #8 at 35).

## II. The Appeals Council's Evaluation of Post-Decision Evidence

First and foremost, plaintiff alleges that the Appeals Council erred when it declined to consider medical evidence that was submitted after the ALJ's unfavorable decision.

In assessing an appeal, the Appeals Council must review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material and relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §416.1470(b); §416.1476(b)(1). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

Here, after the ALJ's decision was rendered, plaintiff sent the Appeals Council a new RFC assessment by her treating physician, family practitioner Dr. Mark L. Sarnov. (Dkt. #8 at 15-19). This opinion, dated June 23, 2015, was clearly intended to amplify a November 12, 2014 RFC assessment by Dr. Sarnov that the ALJ had rejected on the grounds that it was vague, conclusory, and inconsistent with plaintiff's treatment history. (Dkt. #8 at 33, 274). The Appeals Council nonetheless rejected Dr. Sarnov's second assessment on the basis that it was "new information about a later time." (Dkt. #8 at 2).

The Appeals Council's rejection of Dr. Sarnov's opinion as "information about a later time" was improper. Although the opinion was dated June 23, 2015, it describes and refers to plaintiff's entire longitudinal history with Dr. Sarnov: Dr. Sarnov indicated that he had treated plaintiff for the previous "93" months (since 1999) for diagnoses of anxiety, depression, posttraumatic stress disorder, asthma, chronic lower back and hip pain, and migraines, and that

4

plaintiff's resulting impairments had lasted or could be expected to last at least twelve months. (Dkt. #8 at 15). Dr. Sarnov described objective signs of distress (antalgic gait, decreased lumbar range of motion, joint tenderness) and summarized plaintiff's treatment (medication and chiropractic treatments, with no demonstrated relief). *Id*. Dr. Sarnov opined that in light of plaintiff's physical and mental symptoms, plaintiff would experience constant distraction, was incapable of dealing with even "low stress" jobs, could not walk a city block without pain, could sit or stand for up to 15 minutes at a time for up to 2 hours in an 8-hour workday, could rarely lift more than 10 pounds, will have good and bad days, and could be expected to be absent from work due to her impairments for more than four days per month. (Dkt. #8 at 15-19).

Dr. Sarnov's June 23, 2015 opinion was rendered shortly after the ALJ's decision. It originated from plaintiff's long-time treating physician, and specifically and objectively assessed the physical functions that formed the basis of plaintiff's disability claim. Further, it transparently attempted to clarify a prior opinion by the same physician that the ALJ had rejected on grounds that included vagueness. In light of these factors, Dr. Sarnov's June 23, 2015 opinion was manifestly probative and relevant to the issue of whether plaintiff was under a disability during the period prior to April 23, 2015, and should have been considered by the Appeals Council. *Accord Lisa v. Secretary of Dep't of Health and Human Serv.*, 940 F.2d 40, 44 (2d Cir. 1991) (evidence bearing on an applicant's condition subsequent to the date last insured is pertinent, in that it may disclose the severity and continuity of impairments existing before that date).

In sum, the Appeals Council improperly denied consideration of "new and material" evidence that might have had an impact on its determination in denying review. Remand is therefore necessary. *See Sears v. Colvin*, 2013 U.S. Dist. LEXIS 175513 (N.D.N.Y. 2013) (where Appeals Council erred by determining that new evidence was insufficient to trigger review of an

ALJ's decision, remand is appropriate). *See also Sistrunk v. Colvin*, 2015 U.S. Dist. LEXIS 9801 at *17-*21 (E.D.N.Y. 2015); *Barimah v. Commissioner*, 2004 U.S. Dist. LEXIS 19356 at *4-*5 (E.D.N.Y. 2004).

## CONCLUSION

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. Plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 26, 2018.